IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Supreme Raheem Ackbar, #182864, a/k/a Ronald Gary, #275886, <br><br> Plaintiff, <br><br> v. <br><br> Michel McCall, *et al.*, <br><br> Defendants. | Civil Action No. 4:18-1581-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the complaint be dismissed without prejudice. For the reasons set forth below, the Court adopts in part and declines to adopt in part the Report and Recommendation, and dismisses the complaint with prejudice.

I. **Background**

Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections. He proceeds *pro se*. Plaintiff claims deliberate indifference to serious medical needs arising from an alleged scissors attack occurring on March 12, 2013. In a prior case filed in June 2014, Plaintiff brought a deliberate indifference claim arising from the same alleged attack against substantially similar parties as in the instant action. *See* Civ. No. 2:14-cv-2246-RMG. Summary judgment was granted as to certain defendants. A bench trial was held regarding the remaining defendants on September 8, 2016. Judgment was entered in favor of defendants. The Fourth Circuit Court of Appeals affirmed this decision, and the United States Supreme Court denied certiorari.

In the present case, Plaintiff admits he previously filed suit based on the same facts but argues the outcome of the prior case was erroneous because court appointed counsel "for the purpose of sabotaging Plaintiff's case." (Dkt. No. 1 at 7.) He also complains that the Judicial

Council of the Fourth Circuit dismissed his complaint against this Court for the decision to enter judgment for defendants in the prior suit. On June 18, 2018, the Magistrate Judge recommended summary dismissal of this suit as being barred by *res judicata* and by the applicable statute of limitations. On June 29, 2018, Plaintiff filed timely objections to the Report and Recommendation. (Dkt. No. 11.) His objections, however, are merely boilerplate general objections. He raises no specific objection to the determinations set forth in the Report and Recommendation.

## II.  Legal Standard

### A.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). Where the plaintiff fails to file specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

B.   **Prisoner Litigation Reform Act**

This action been filed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without payment of costs. The statute allows a district court to dismiss summarily an action that "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "With the Prisoner Litigation Reform Act ('PLRA'), Congress sought to reduce the number of frivolous lawsuits flooding the federal courts." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). "Congress did so in part by enacting 28 U.S.C. § 1915(g), a "three-strikes" statute providing that if a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed *in forma pauperis* but rather must pay up-front all filing fees for his subsequent suits." *Id.*

III.   **Discussion**

The Magistrate Judge correctly determined that this action is barred by *res judicata*. "Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). A court may *sua sponte* apply *res judicata* where "it has previously decided the issue presented" to "avoid unnecessary judicial waste." *Ga. Pac. Consumer Prods., LP v. Von Drehle Corp.*, 710 F.3d 527, 535 (4th Cir. 2013). Here, Plaintiff is attempting to re-litigate previously adjudicated claims. *Sua sponte* dismissal therefore is appropriate. *See Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000) (holding "district courts are not required to entertain duplicative or redundant lawsuits") (unpublished table decision).

The Magistrate Judge also correctly determined that even if Plaintiff's claims were not barred by *res judicata*, they are barred by the applicable statute of limitations. The statute of

limitations may be applied *sua sponte* when the defense appears on the face of a complaint filed *in forma pauperis*. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–54 (4th Cir. 1995). State law provides the statute of limitations for § 1983 claims. In South Carolina, the applicable statute of limitations is generally three years. *See* S.C. Code Ann. § 15-3-530. The incident occurred in March 2013, over two years after the lapse of the statute of limitations.

The Court further notes the complaint fails to allege any misconduct whatsoever by any named Defendant. Instead, Plaintiff's statement of claim only attacks his court-appointed attorney in the prior suit and various judicial officers who adjudicated his claims in the prior suit—none of whom is named as a Defendant. Under the *in forma pauperis* statute, a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The complaint is nothing more than an expression of Plaintiff's unhappiness with the result of his prior case. It lacks any arguable basis in law or fact and is therefore frivolous. Thus, dismissal with prejudice, rather than dismissal without prejudice, is appropriate. *See McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009). A dismissal with prejudice of a frivolous complaint counts as a "strike" for purposes of 28 U.S.C. § 1915. If Plaintiff continues to file frivolous pleadings, he risks the accumulation of three strikes against him and the resulting denial of future requests for *in forma pauperis* status.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 9) as the Order of the Court. The Court **DECLINES TO ADOPT** the recommendation for dismissal without prejudice and otherwise **ADOPTS** the Report and Recommendation. The complaint is **DISMISSED WITH PREJUDICE**. The Court **FINDS** that the complaint is a frivolous filing and therefore counts as a strike under 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 3, 2018
Charleston, South Carolina